IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18cr99 |
| | : | |
| Plaintiff, | : | FOURTH ORDER APPROVING JOINT COVID-19 MOTION FOR ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| vs. | : | |
| GABRIEL SETH ELSTEIN, et al., | : | |
| | : | Judge Clark Waddoups |
| Defendants. | : | |

Based upon the representations contained in the Second Joint COVID Motion for Order Continuing Trial Date and Excluding Time from Speedy Trial Act Computation under 18 U.S.C. § 3161(h)(7), the c0ourt makes the following findings:

1. On February 15, 2018, a grand jury returned an Indictment against defendants Gabriel Seth Elstein and Scott Dale Gordon charging them with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841.

2. On April 2, 2018, Magistrate Judge Evelyn J. Furse arraigned defendants Gabriel Seth Elstein and Scott Dale Gordon on the Indictment and a seven-day trial was originally set for June 8, 2018.

1

3.	On May 14, 2018, an order was entered continuing the trial date in this case from June 8, 2018 to November 30, 2018 and excluding the time for the continuance under the Speedy Trial Act.

4.	On September 18, 2018, a grand jury returned a Superseding Indictment charging defendant Gabriel Seth Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841, one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Angela Christina Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841 and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Gordon with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841; one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and five counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; and defendant Dumbles Holding with two counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957.

5.	On October 12, 2018, Chief Magistrate Judge Paul M. Warner arraigned defendants Gabriel Seth Elstein, Angela Christina Elstein, Scott Dale Gordon and Dumbles Holdings on the Superseding Indictment.   The court verbally continued the trial scheduled from November 30, 2018 to December 14, 2018.

6. On October 18, 2018, Chief Magistrate Judge Paul M. Warner signed an order continuing the November 30, 2018 trial date and finding this case a complex under 18 U.S.C. § 3161(h)(7)(B)(ii) because of the (a) large volume of discovery in this case from multifarious sources including computers hard drives, business financial records, bank records, investigative reports and other documents related to multiple complex financial transactions; and (b) number of defendants and charges and the potential for novel questions of fact and law related to the allegations in the Superseding Indictment of a multi-year scheme to launder millions of dollars of drug proceeds through an operating business.

7. On December 3, 2018, this court signed an order continuing the trial scheduled for December 14, 2018 to June 13, 2019.

8. On August 14, 2018, a grand jury returned a Second Superseding Indictment charging defendant Gabriel Seth Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841, one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Angela Christina Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841 and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Gordon with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841; one count of Conspiracy to

3

Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and five counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Justice with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h); defendant Viets with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h); and defendant Dumbles Holding with two counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957.

9. On August 12, 2019, Magistrate Judge Evelyn Furse arraigned defendants Justice and Viets on the Second Superseding Indictment. The court also set the trial for these two defendants for October 18, 2019.

10. The purpose of the Second Superseding Indictment was to include defendant Justice and defendant Viets in the case. The United States has provided discovery to these two defendants. Because of the quantity and complexity of the records and legal issues, counsel for defendants Justice and Viets need more time to review the discovery at least an additional 180 days to adequately prepare for trial in his matter taking into account the exercise of due diligence.

11. As a result of the continuances that have been granted in this case, the parties estimate that twenty-four days still remain under the Speedy Trial Act.

12. Chief Judge Shelby has entered General Orders for the District of Utah regarding the continuance of jury trials due to the pandemic. *See* District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, 20-020 and 20-021 regarding the Coronavirus Pandemic, On April

28, 2020 and then again on June 15, 2020, July 29, 2020, August 26, 2020 the Chief Judge of the District of Utah entered a General Order continuing all civil and criminal jury trials pending further order of the Court.  That order was set for review in November.  On October 29, 2020, the Chief Judge entered another order continuing all jury trials until at least February 1, 2021.

13. The Court moved to Phase II of its phased reopening plan and began limited criminal jury trials under authorization included in General Order 21-003, entered on March 16, 2021.

14. On June 21, 2021, the Court entered General Order 21-006, extending the emergency provisions of the CARES Act for an additional 90 days.

15. The Court entered on June 30, 2021 General Order 21-007, generally maintaining the Phase II status quo through July 31, 2021, in view of disconcerting trends in COVID-19 cases and positivity rates in the District.

16. On July 22, 2021, the Court entered General Order 21-009.  That Order extended Phase II reopening restrictions through August 31, 2021 in recognition of data surrounding the prevalence of the COVID-19 Delta variant throughout Utah.

17. On August 27, 2021, the Court issued General Order 21-012.  That Order extended Phase II of the Court's phased reopening plan through October 31, 2021.

18. On October 27, 2021, the Court issued General Order 21-015.  The Order explained that a limited number of continuous, consecutive, criminal jury trials will take place, beginning on April 29, 2021, and time would be excluded under the Speedy Trial Act.  *Id.* at 4, 6-7.

The Court explained:

> The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines has remained concerningly low in recent months notwithstanding what has clearly been the second most serious sustained wave of daily cases of COVID-19 in Utah since the inception of the pandemic. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that nearly 250 million people have been infected, and approximately 5 million have died from the disease. It's likely that those numbers significantly underestimate the actual cases and deaths. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.
>
> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> There are nationwide now well over 45 million confirmed cases of Americans infected with COVID-19, resulting in over 730,000 deaths. And while case numbers are generally in a several-month decline nationwide, infection rates remain at levels sufficient to continue the spread of the disease. Utah has now confirmed more than 540,000 cases, resulting in nearly 24,000 hospitalizations and more than 3,000 deaths. COVID-19 test positivity rates in Utah remain significantly above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant remains the dominant variant in Utah. The state has been unable for many months reduce infection and diminish serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding at disappointing levels in Utah the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

*Id.* at 3-4.

> The Court continued criminal trials through January 31, 2022, and explained:
>
> **Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20- 029, 20-030, 21-001, 21-003, 21-007, 21-009, and 21-012 including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between October 31, 2021, and January 31, 2022, is hereby EXCLUDED from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is

disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."4 The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID- 19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through January 31, 2022 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial. Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances. Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

>Furthermore:
>
>**Trial-Related Deadlines:** Except as otherwise ordered by the presiding judges in individual cases (including, but not limited to, those cases proceeding to trial under the Court's limited resumption of jury trials pursuant to this General Order) all trial-related deadlines in criminal cases (including, but not limited to, deadlines concerning motion cutoff dates, proposed jury instructions, proposed voir dire, proposed verdict forms, plea cutoffs, etc.) are **CONTINUED**.
>
>Individual judges may continue trial-related deadlines in civil cases at their discretion. Questions concerning trial-related deadlines should be directed to the assigned judge

*Id.* at 7-8.

19.     The Speedy Trial Act provides for the exclusion of certain periods of time from the requirement that a defendant have a trial within 70 days of indictment or initial appearance, whichever is later.   Some periods of time are automatically excluded under 18 U.S.C. § 3161(h)(3)(A) and other periods of time are excluded under 18 U.S.C. § 3161(h)(7)(A) only when a judge continues a trial and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

20.     General Order No. 21-003, set forth above, explained the difficulties associated with conducting more than one trial at a time during the COVID-19 pandemic, and the United States requests that the court now make the necessary individualized findings in this case.   The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case.   *Zedner v. United States*, 547 U.S. 489, 500 (2006).   "[W]ithout on-the-record findings, there can be no exclusion under" §

8

3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure generally cannot be harmless.  *Id.* at 509.

21. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

22. As General Order No. 21-003 reflects, the ends of justice amply justify excludable time here.  Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance.  *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption).  Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns.

23. As a result of the continuances that have been granted in this case, the parties estimate that twenty-four days still remain under the Speedy Trial Act.

24. This case also involves a dozen or more essential government witnesses, most of which live outside of the state of Utah, and who must travel, putting themselves and others at risk.  Defense counsel would also need to travel to meet with these witnesses as part of their trial preparation, putting themselves and others at risk as well.

25. Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent

possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

26. In addition, due to the restrictions imposed by current public-health concerns, particularly given the complexity of this case, it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.

27. Because of the volume of financial evidence the government has produced to the defendants in this case, they will need additional time to consult a forensic account to review the discovery in order to properly prepare for trail.

28. The parties also need the additional time to continue to explore plea negotiations, including the forfeiture of the assets identified in the Superseding Indictment.  Because all six defendants are joined for trial, this exclusion of time applies to all of the defendants pursuant to 18 U.S.C. § 3161(h)(6).

29. All of the parties stipulated to the continuance of the trial and they will not be prejudiced by the tolling of the statute or excluding the time pursuant to 18 U.S.C. § 3161(h)(7)(A).

30. The failure to grant a continuance of the trial under these unusual and emergent circumstances would likely deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence would deny the parties the reasonable time necessary for effectively and properly preparing for trial, taking into account the exercise of due diligence, within the time limits established by the Speedy Trial Act as provided for under 18 U.S.C. § 3161(h)(7)(B)(ii), and would result in a miscarriage of justice for society and the defendants.

31. The failure to exclude time from the time limits established for trial under the Speedy Trial Act, 18 U.S.C. § 3161, would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

32. Granting the requested continuance and excluding the time under the Speedy Trial Act serve the ends of justice and "outweigh[s] the best interest of the public and defendant in a speedy trial" under 18 U.S.C. § 3161(h)(7).

Based upon these findings, the Court makes the following order:

1. The trial scheduled for December 3, 2021 is continued to **June 6, 2022**.

2. Pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the time from December 3, 2021 to and including June 6, 2022 is excluded from the Speedy Trial Act computations in this case.

Dated this 29th day of November, 2021.

BY THE COURT:

Clark Waddoups
U.S. District Court Judge